FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 2 4 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J&C NATIONWIDE, INC.,

    Plaintiff,

  v.

KEY WEST ONCOLOGY
ASSOCIATES, P.A.,

    Defendant.

CIVIL ACTION

NO. 1:03-CV-1752-RLV

O R D E R

This matter is currently before the court on the defendant Key West Oncology Associates, P.A.'s ("Key West") motions to compel and for a stay [Doc. Nos. 90 and 91].

## I. Factual Background

The following facts are drawn from the court's review of the record and the parties' submissions. On or about January 17, 2006, oral argument was held before Magistrate Judge Alan Baverman on various discovery motions. It is alleged that at the hearing, Louis Cohen, counsel for the plaintiff, revealed that portions of the plaintiff's business might have been sold to a company named "World Health." On January 18, 2006, Magistrate Judge Baverman entered an order compelling the plaintiff's witnesses to be deposed after Key West's Federal Rule of Civil Procedure Rule 30(b)(6) witnesses were deposed [Doc. No. 82]

Upon learning that the plaintiff might have sold some or all

of its assets in a merger or an asset purchase to another entity, Key West undertook an investigation to determine whether the plaintiff still had standing to assert its claims and whether another entity might be liable to Key West on its counterclaim. Key West determined that the company "World Health" was actually World Health Alternatives, Inc. ("World Health").

On or about February 7, 2006, World Health and its affiliates, allegedly declared bankruptcy.  Key West also alleges that the plaintiff in this case filed a Chapter 11 bankruptcy petition.  Key West alleges that the plaintiff's bankruptcy case and World Health's case were consolidated and are now pending before the United States Bankruptcy Court for the District of Delaware as No. 06-10166-PJW.

Key West states that counsel for the plaintiff has repeatedly insisted that the plaintiff in this case is not in bankruptcy, that his law firm is not a creditor of the debtors in bankruptcy, and that the debtors have made misrepresentations in their bankruptcy petitions.  In an attempt to determine whether the plaintiff has standing to assert its claims and whether this court has jurisdiction to hear this matter, Key West requested that the plaintiff answer certain interrogatories and produce certain documents.  Specifically, Key West requested that the plaintiff answer a number of interrogatories contained in its "Second Set of Interrogatories" and produce materials requested in its "Third

2

Request for Production of Documents" relating to any asset purchase agreement which the plaintiff was a party to during the pendency of this litigation.   In response, the plaintiff objected to these requests.   In particular, the plaintiff refused to produce any documents and objected to interrogatories one and six contained in Key West's "Second Set of Interrogatories."[1]

Key West informed the plaintiff that it intended to inquire about these issues in its depositions of the plaintiff's witnesses and requested that the plaintiff produce the requested discovery materials so that the plaintiff's witnesses could be properly deposed.   Key West also alleges that the plaintiff refused to produce any of its witnesses to be deposed on the grounds that the period for discovery was over.

In the current motion to compel, Key West argues, "The requested discovery goes directly to whether J&C Nationwide, Inc., has standing, what entities may be liable to Key West and the jurisdiction of this Court."   In response, the plaintiff argues

---

[1] Specifically, the plaintiff objected to the following Interrogatory questions.

1. Identify any entities that were a party to any asset purchase agreement or merger with J&C Nationwide, Inc., during the pendency of the instant litigation.

6. Identify any person or entity that J&C Nationwide, Inc., has reason to believe has information or documents that relate to the ownership or claims in the instant litigation and responsibility for payment on Key West's claims if a judgment is entered in its favor.

3

that Key West's motion "is nothing more than another unnecessary expansion of litigation by Defendant in an effort to avoid or at least forestall liability for the subject debt." Additionally, the plaintiff argues that Key West's requests are either overbroad, vague, ambiguous, unduly burdensome, or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

## II. Legal Analysis

In evaluating the plaintiff's motion, the court looks to Rule 26 of the Federal Rules of Civil Procedure, which governs the scope of discovery. Rule 26(b)(1) allows discovery regarding any manner, not privileged, that is relevant to the subject matter of the pending litigation. The term "relevant" in this definition is to be construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that bears on, any issue that is or may be in the case. Oppenheimer Fund Inc., v. Sanders, 437 U.S. 340, 351 (1978). While the scope of discovery is broad, it is not without its limits. Id. at 351-52. "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." Id. at 352.

Discovery requests that are otherwise reasonable may also be limited for the following reasons:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the ample

4

opportunity by discovery in the action to obtain the information sought; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Fed. R. Civ. P. 26(b)(2).

In opposing a motion to compel, the onus is on the party resisting discovery, i.e., the plaintiff in this case, to demonstrate specifically how the objected-to request is unreasonable or otherwise burdensome. See Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985).

Having reviewed Key West's motion to compel and accompanying exhibits, the court finds that the documents sought by Key West and interrogatories one and six contained in its "Second Set of Interrogatories" are relevant to a potential defense that Key West might raise, i.e., whether the plaintiff lacks standing to bring this suit. Furthermore, the information sought by Key West directly addresses whether this court has jurisdiction to hear this matter.

Given the fact that the court finds the information and materials sought by Key West are relevant to both a potential defense and to the court's own jurisdictional inquiry, the plaintiff bears the burden of demonstrating specifically how the objected-to request is unreasonable or otherwise burdensome. However, the plaintiff has failed to do so. Instead in its

response, the plaintiff has proffered merely boilerplate responses as to why it cannot produce the information and materials requested. Having reviewed the plaintiff's response, the court concludes that the plaintiff's excuses for failing to comply with Key West's current discovery requests are insufficient to defeat Key West's motion to compel.

In addition to requesting an order compelling the plaintiff to produce documents and answer its interrogatories, Key West also requested that all other proceedings in this matter be stayed pending a determination that the instant case is not subject to the pending bankruptcies filed in the United States Bankruptcy Court for the District of Delaware. However, the court finds no reason why this case should be stayed at this time. This case has been pending since 2003 and has had a relatively large amount of motion practice before Magistrate Judge Baverman. As an alternative to staying this case, the court concludes that extending discovery for an additional 90 days would be more beneficial in order to enable the parties the opportunity to comply with this order.[2] Therefore, Key West's motion to stay this matter is DENIED [Doc. No. 91].

---

[2] If additional discovery in this matter reveals that the case is subject to the pending bankruptcy case in the United States Bankruptcy Court in the District of Delaware or any other bankruptcy proceeding, the court will revisit the issue of whether this matter should be stayed or dismissed at a later time upon an appropriate motion by the parties.

6

### III. Conclusion

For the above reasons, Key West's motion to compel is GRANTED [Doc. No. 90], while Key West's motion to stay this matter is DENIED [Doc. No. 91].  In granting Key West's motion to compel, the court directs the plaintiff to produce the documents and materials requested by Key West in its "Third Request for Production of Documents" as well as provide answers to Key West's interrogatories one and six contained in Key West's "Second Set of Interrogatories" within 60 days of the date this order is docketed.[3]  Thereafter, Key West can depose the plaintiff's witness or witnesses at a mutually convenient time and place.  Discovery is extended for an additional 90 days to enable the parties to comply with this order.

SO ORDERED, this **24th** day of July, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[3]In its response, the plaintiff requested that the court award it attorneys' fees for having to respond to Key West's motion to compel.  Considering that the court granted Key West's motion to compel, the plaintiff's request for attorneys' fees contained in its response is DENIED [Doc. No. 93].